IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,  )  | CR 02-1072-PCT-EHC-PHX |
| Plaintiff,  ) | CV 04-2194-PCT-EHC (ECV) |
| vs.  ) | **ORDER** |
| Douglas DeBruin,  ) | |
| Defendant/Movant.  ) | |

Pending before the court is Movant's Motion for Leave to Amend. Doc. #94-96. Movant contends that new information has come to light regarding how the search was conducted in his underlying criminal case. After the court directed the government to file a response, it filed a one paragraph response stating that it opposed the claim in the proposed amendment but did not oppose the request for leave to amend. Doc. #100.

Rule 15(a), Federal Rules of Civil Procedure, provides that "leave [to amend a complaint] shall be freely given when justice so requires." Rule 15 also applies to requests to amend habeas petitions and § 2255 motions. See Anthony v. Cambra, 236 F.3d 568, 576 (9th Cir. 2000). "In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

1  "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." <u>Id.</u>
2  A court need not prolong litigation by permitting further amendment where such amendment
3  would be futile. <u>Lipton v. Pathogenesis Corp.</u>, 284 F.3d 1027, 1039 (9th Cir. 2002).

4  Movant contends that following his guilty plea and conviction in federal court, he was
5  tried in a state court in April 2005 on charges arising from the same conduct. He claims that
6  he learned information during the state court trial that he was not aware of during the federal
7  proceedings. Specifically, he alleges that the evidence used against him was obtained in
8  violation of the Fourth Amendment. He claims that items not listed in the warrant were
9  seized and that some of the items taken do not appear on the inventory lists that were
10 generated after the execution of the search warrant. Based on these claims, Movant contends
11 that his guilty plea in federal court was not knowing and voluntary. He therefore seeks to
12 amend his § 2255 motion to raise a Fourth Amendment claim.

13 As a general rule, a guilty plea eliminates subsequent claims of constitutional
14 violations that occurred before the plea. <u>United States v. Montilla</u>, 870 F.2d 549, 552 (9th
15 Cir. 1989); <u>Marrow v. United States</u>, 772 F.2d 525, 527 (9th Cir. 1985). "[O]ne who
16 voluntarily and intelligently pleads guilty to a criminal charge may not subsequently seek
17 federal habeas corpus relief on the basis of pre-plea constitutional violations." <u>Hudson v.</u>
18 <u>Moran</u>, 760 F.2d 1027, 1029-30 (9th Cir.), <u>cert.</u> <u>denied</u>, 474 U.S. 981 (1985). An
19 unconditional guilty plea "cures all antecedent *constitutional* defects." <u>United States v.</u>
20 <u>Floyd</u>, 108 F.3d 202, 204 (9th Cir.1997) (emphasis in original). "When a criminal defendant
21 has solemnly admitted in open court that he is in fact guilty of the offense with which he is
22 charged, he may not thereafter raise independent claims relating to the deprivation of
23 constitutional rights that occurred prior to the entry of the guilty plea. He may only attack
24 the voluntary and intelligent character of the guilty plea." <u>Tollett v. Henderson</u>, 411 U.S.
25 258, 267 (1973).

26 Here, Movant's guilty plea foreclosed any Fourth Amendment challenge to the
27 evidence uncovered in the search of his vehicle. Further, despite Movant's attempt to couch
28 his claim as a challenge to the voluntariness of his plea, the claim of an unlawful search and

1  seizure has nothing to do with the voluntariness of his plea.  Movant's signed plea agreement
2  clearly sets forth that the plea was entered knowingly and voluntarily.  Doc. #66.  Because
3  a Fourth Amendment challenge to the search was foreclosed by Movant's guilty plea, an
4  amendment to add such a claim to his § 2255 petition would be futile.

5        Moreover, Movant expressly waived in his plea agreement the right to collaterally
6  attack the judgment and sentence.  Doc. #66 at 3.  Plea agreements are contractual in nature
7  and their plain language will generally be enforced if the agreement is clear and
8  unambiguous on its face.  United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2005),
9  cert. denied, 2005 WL 1671552 (Oct. 3, 2005).  For example, a waiver of appellate rights is
10 enforceable if the language of the waiver encompasses the right to appeal on the grounds
11 raised and the waiver is knowingly and voluntarily made.  Id.  A defendant may waive the
12 statutory right to bring a § 2255 action challenging the length of his sentence.  United States
13 v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994); United States v. Abarca, 985 F.2d 1012, 1014 (9th
14 Cir. 1992), cert. denied sub nom. Abarca-Espinoza v. United States, 508 U.S. 979 (1993).
15 Under the express terms of the plea agreement, Movant waived his right to challenge the
16 search and seizure on collateral review.  He has presented no evidence to show the waiver
17 was not knowingly and voluntarily made.  This provides an additional basis for the court to
18 conclude that Movant's requested amendment to his § 2255 petition would be futile.

19 **IT IS THEREFORE ORDERED:**

20     That Movant's Motion for Leave to Amend **denied**.

21     DATED this 17th day of November, 2005.

Edward C. Voss
United States Magistrate Judge