1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7                      FOR THE DISTRICT OF ARIZONA
8
9   United States of America,              )   CR 02-1072-PCT-EHC-PHX
                                           )
10              Plaintiff/Respondent,      )   CV 04-2194-PCT-EHC (ECV)
                                           )
11  vs.                                    )   **REPORT AND RECOMMENDATION**
                                           )
12  Douglas DeBruin,                       )
                                           )
13              Defendant/Movant.          )
                                           )
14  _____   )
15
16  TO THE HONORABLE EARL H. CARROLL, UNITED STATES DISTRICT JUDGE:
17                            **BACKGROUND**
18        Pending before the court is Movant's *pro se* Motion to Vacate, Set Aside or Correct
19  Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255.  Doc. #80.  On April
20  28, 2003, pursuant to a plea agreement, Movant pleaded guilty to Counts I and II of the
21  Indictment, Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) and
22  Possession of a Silencer in violation of 26 U.S.C. § 5861(d).  Doc. #65.  On October 31,
23  2003, the court sentenced Movant to 57 months in prison for each count, the terms to run
24  concurrently.  Id.  Movant was also sentenced to 36 months of supervised release following
25  his release from prison.  Id.  Additionally, the court ordered the sentence to run consecutively
26  to the prison term imposed by the Walworth County, Wisconsin Circuit Court.  Id.  On
27  November 10, 2003, Movant filed a Notice of Appeal.  Doc. #67.  In a memorandum
28  decision on October 22, 2004, the Ninth Circuit Court of Appeals affirmed the convictions

1   and sentence after its own independent review of the record disclosed no grounds for relief.

2   Doc. #84.

3       On October 14, 2004, Movant filed the instant Motion to Vacate.  Doc. #80.  Movant

4   alleges in the motion that he received ineffective assistance of counsel, that the wrong

5   sentencing guidelines were applied and that his right to due process was violated.  Id.

6   Respondent United States filed a Response in Opposition on January 18, 2005.  Doc. #87.

7   Movant then filed a Rebuttal to Response from Government on February 1, 2005.  Doc. #88.

8   On August 17, 2005, Movant filed a Motion for Leave to Amend his § 2255 petition, which

9   was denied on November 17.  Doc. #103.

10                              **DISCUSSION**

11  **A.    Ineffective Assistance of Counsel**

12      Movant argues that as a result of receiving ineffective assistance of counsel, his guilty

13  plea was not knowing and voluntary.  Doc. #80 at 2-3.  Movant contends that his attorney

14  provided erroneous advice regarding the sentencing guidelines and failed to challenge the

15  unlawful sentence that was imposed.  Id.  Movant further contends that his attorney failed

16  to adequately challenge false information in the presentence report.  Id.  The government

17  argues in its response that Movant is mistaken about the guidelines that were applied and that

18  the sentence imposed was lawful and consistent with the stipulation in the plea agreement.

19  The government further argues that all of defense counsel's objections to information in the

20  presentence report were sustained.

21      The two-prong test for establishing ineffective assistance of counsel was set forth by

22  the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on an

23  ineffective assistance claim, a convicted defendant must show (1) that counsel's

24  representation fell below an objective standard of reasonableness, and (2) that there is a

25  reasonable probability that, but for counsel's unprofessional errors, the result of the

26  proceeding would have been different. Strickland, 466 U.S. at 687-88.  There is a strong

27

28                              - 2 -

1   presumption that counsel's conduct falls within the wide range of reasonable assistance.

2   Strickland, 466 U.S. at 689-90.

3          Although Movant claims that his attorney wrongly advised him about the sentencing

4   guidelines, he fails to specify the erroneous advice she provided.  He claims that but for the

5   erroneous advice, he would not have entered the plea agreement.  Movant attaches to his §

6   2255 petition a portion of the draft presentence report.  Doc. #80.  He has highlighted  a

7   paragraph in which the presentence writer originally calculated the guideline range at 37-46

8   months based on the 2000 Guidelines Manual.  Id.  Because the plea agreement stipulated

9   to a sentencing range of 51-60 months, the presentence writer assumed that the parties

10  mistakenly relied on the 2002 Guidelines Manual to arrive at the stipulated range.  Id.

11  However, as the government explains in its response, the government objected to the

12  presentence writer's calculation of the guidelines range.  Doc. #87 (citing Doc. #40).  The

13  government's written objection explained that the presentence writer miscalculated the base

14  offense level and that the correct guidelines range, applying the 2000 Guidelines, was 46-57

15  months, which was consistent with the stipulation in the plea agreement.  Doc. #40.  Thus,

16  the presentence writer's assumption that the parties applied the 2002 Guidelines Manual to

17  arrive at their stipulation was simply wrong.  In fact, Movant's counsel expressly stated in

18  Movant's Objections to Presentence Report that she agreed the "2000 Guidelines would apply

19  to this case." Doc. #39 at 4.  Moreover, during Movant's sentencing hearing, the court agreed

20  that the proper guidelines range was 46-57 months, which was calculated using the 2000

21  Guidelines.  Doc. #71 at 19.

22         Movant's claim that his attorney provided erroneous advice regarding the sentencing

23  guidelines and failed to challenge his unlawful sentence is not supported by the record.  The

24  presentence writer's faulty assumption that the parties used the 2002 Guidelines to arrive at

25  their stipulated sentencing range was based on the writer's own inaccurate calculation of the

26  offense level.  The record shows that both attorneys and the judge understood that the 2000

27  Guidelines applied to this case.  Movant is trying to create an issue based on the presentence

28

1    writer's mistaken assumption but has presented nothing to show that his attorney

2    misunderstood or misadvised him about how the guidelines would apply to his case.

3    Additionally, the sentence imposed by the court was within the range stipulated in the plea

4    agreement.  Movant therefore has no basis to claim that his attorney failed to challenge his

5    unlawful sentence when he has not demonstrated that the sentence was unlawful.

6          Movant's other ineffective assistance of counsel claim alleges that his attorney failed

7    to adequately challenge false information in the presentence report.   Again, Movant's

8    allegation is unsupported by the record.   His attorney filed "Objections to Presentence

9    Report" in which she requested the deletion of several factual allegations in the presentence

10   report. Doc. #39.  At the sentencing hearing, the court agreed with counsel's requests and,

11   despite the objections of the prosecutor, deleted all of the challenged information.  Doc. #71

12   at 6-11.  The court then asked Movant directly if he had anything else to say about the

13   presentence report and Movant responded, "No, the presentence report is fine now, yes, sir."

14   Doc. #71 at 12.  In light of counsel's successful objections to the unsupported allegations in

15   the presentence report, Movant has no basis to claim his lawyer failed to challenge

16   information in the report.

17         Movant has failed to make any showing at all that his attorney's performance was

18   deficient.  As a result, the court need not reach the issue of whether the result would have

19   been different but for deficient performance.   The court will therefore recommend that

20   Movant's ineffective assistance of counsel claim be denied.

21   **B.    Sentencing Guidelines**

22         Movant's second claim alleges that the wrong sentencing guidelines were used to

23   sentence him.   As explained in the previous section addressing Movant's ineffective

24   assistance claim, the correct guidelines were applied.  Movant is basing his claim on a

25   mistaken assumption by the presentence writer that was corrected before the sentencing. For

26   the same reasons set forth above, Movant's claim is without merit and the court will

27   recommend that it be denied.

28                                          - 4 -

1

**C.      Due Process**

2          Lastly, Movant alleges that his right to due process was denied during his sentencing

3    because false information was presented to the court.  Doc. #80 at 3-4.  Movant claims that

4    the false information was included in the presentence report, the relevant portions of which

5    he attaches to his petition.  Doc. #80, Attachments at 7-8.  However, the information Movant

6    complains about was deleted by the court during the sentencing hearing.  Doc. #71 at 8-9

7    (ordering the removal of the two paragraphs on page 7 of the presentence report and the first

8    two lines of page 8).  As explained in section A of this order, the court sustained all of

9    Movant's objections to the presentence report and ordered that the information be deleted.

10   As a result, Movant's claim that he was denied due process based on allegedly false

11   information in the presentence report is without merit and the court will recommend that it

12   be denied.

13   **IT IS THEREFORE RECOMMENDED:**

14          That the Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal

15   Custody pursuant to 28 U.S.C. § 2255 (Doc. #80) be **DENIED**;

16          This recommendation is not an order that is immediately appealable to the Ninth

17   Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

18   Appellate Procedure, should not be filed until entry of the district court's judgment.  The

19   parties shall have ten days from the date of service of a copy of this recommendation within

20   which to file specific written objections with the Court.  See, 28 U.S.C. § 636(b)(1); Fed. R.

21   Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have ten days within which to file a

22   response to the objections.  Failure to timely file objections to the Magistrate Judge's Report

23   and Recommendation may result in the acceptance of the Report and Recommendation by

24   the district court without further review.  See United States v. Reyna-Tapia, 328 F.3d 1114,

25   1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the

26   Magistrate Judge will be considered a waiver of a party's right to appellate review of the

27

28                                              - 5 -

1   findings of fact in an order of judgement entered pursuant to the Magistrate Judge's

2   recommendation.  See Fed. R. Civ. P. 72.

3           DATED this 30th day of November, 2005.

4

5

6                                                    _____

7                                                    Edward C. Voss
                                                     United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                          - 6 -